1  Frank S. Hedin (SBN 291289)
   fhedin@hedinhall.com
2  David W. Hall (SBN 274921)
   dhall@hedinhall.com
3  Hedin Hall llp
   Four Embarcadero Center, Suite 1400
4  San Francisco, CA  94104
   Telephone: (415) 766-3534
5  Facsimile: (415) 402-0058

6  *Counsel for Plaintiff and the Putative Class*

7              UNITED STATES DISTRICT COURT

8              CENTRAL DISTRICT OF CALIFORNIA

9  JUNE ABE, individually and on behalf of all others similarly situated,

   Case No. _____

10           Plaintiff,

   CLASS ACTION COMPLAINT

11 v.

   (JURY TRIAL DEMANDED)

12 HYUNDAI MOTOR AMERICA, INC.,

13           Defendant.

14

15         Plaintiff June Abe, individually and on behalf of all others similarly situated, complains and alleges as follows based on personal knowledge as to herself, on the investigation of her counsel, and on information and belief as to all other matters. Plaintiff believes that substantial evidentiary support will exist for the allegations set forth in this complaint, after a reasonable opportunity for discovery.

                              **NATURE OF ACTION**

         1.    Plaintiff brings this action for legal and equitable remedies resulting from the illegal actions of Hyundai Motor America, Inc. in transmitting unsolicited, autodialed SMS or MMS text messages, *en masse*, to Plaintiff's cellular device and the cellular devices of numerous other individuals across the country, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA").

## JURISDICTION AND VENUE

2. The Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227.

3. Personal jurisdiction and venue are proper in this district because Defendant maintains its corporate headquarters in this district, because Plaintiff resides in this district, and because the claims alleged in this action arose in substantial part in this district.

## PARTIES

4. Plaintiff is an individual and a "person" as defined by 47 U.S.C. § 153(39). Plaintiff is, and at all times mentioned herein was, a citizen and resident of Irvine, California.

5. Defendant Hyundai Motor America, Inc. is a "person" as defined by 47 U.S.C. § 153(39). Defendant maintains, and at all times mentioned herein maintained, its corporate headquarters in Fountain Valley, California.

## THE TELEPHONE CONSUMER PROTECTION ACT OF 1991

6. To address consumer complaints regarding certain telemarketing practices, Congress enacted the TCPA, 47 U.S.C. § 227, in 1991. The TCPA prohibits, inter alia, the use of automated telephone equipment, or "autodialers," to make any call, including sending a text message, to a wireless number absent an emergency or the "prior express consent" of the party called. And in the case of calls or text messages that constitute "advertisements" or "telemarketing", as defined by applicable regulations, the TCPA requires the "prior express <u>written</u> consent" of the called party before initiating such calls or texts using an autodialer or prerecorded voice.

7. According to findings by the Federal Communication Commission ("FCC"), which is vested with authority to issue regulations implementing the TCPA, autodialed calls and texts are prohibited because receiving them is a greater nuisance and more invasive than live solicitation calls and they can be costly and inconvenient. The FCC also recognized that wireless customers are charged for such incoming calls and texts whether they pay in advance or after the minutes or texts are used.

8. One of the most prevalent bulk advertising methods employed by companies today involves the use of "Short Message Services" (or "SMS"), which is a system that allows for the transmission and receipt of short text messages to and from wireless telephones. Another similar service called "Multimedia Messaging Services" (or "MMS") is based upon and similar to the SMS system, but also permits the transmission of photos and videos via text message. According to a recent study, "[s]pam isn't just for email anymore; it comes in the form of unwanted text messages of all kinds – from coupons to phishing schemes – sent directly to user's cell phones."[1]

9. SMS and MMS text messages are directed to a wireless device through a telephone number assigned to the device. When an SMS or MMS text message is successfully transmitted, the recipient's wireless phone alerts the recipient that a message has been received. SMS and MMS text messages are received virtually anywhere in the world.

10. Unlike more conventional advertisements, SMS and MMS message advertisements can actually cost their recipients money because wireless phone users must pay their wireless service providers either for each text message they receive or incur a usage allocation deduction to their text messaging or data plan, regardless of whether the message is authorized.

11. Moreover, the transmission of an unsolicited SMS or MMS text message to a cellular device is distracting and aggravating to the recipient and intrudes upon the recipient's seclusion.

### FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

12. Plaintiff is, and at all times mentioned herein was, the subscriber of the cellular telephone number (949) ***-3021 (the "3021 Number"). The 3021 Number is, and at

---

[1] Cell Phones and American Adults: They Make Just as Many Calls, but Text Less than Teens, Pew Research, http://www.pewinternet.org/Reports/2010/Cell-Phones-and-American-Adults.aspx.

all times mentioned herein was, assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

13. In or around early January 2019, Plaintiff frequented the Russell Westbrook Hyundai of Garden Grove car dealership (the "Garden Grove Dealership") – one of Defendant's franchisee dealerships located in Garden Grove, California – to test drive one of Defendant's automobiles available for purchase there.

14. Shortly after visiting the Garden Grove Dealership, Defendant transmitted or caused to be transmitted, by itself or through an intermediary or intermediaries, including without limitation one or more of its agent(s) at the Garden Grove Dealership, one or more SMS or MMS text messages to the 3021 Number without Plaintiff's prior express written consent, an example of which is depicted in the screenshot below that was extracted from Plaintiff's cellular device:



15. The source of the above-depicted unsolicited text message that Defendant transmitted to the 3021 Number was (714) 577-2046, which is a telephone number leased by Defendant or Defendant's agent(s) or affiliate(s) and is used for operating Defendant's text message marketing program.

- 4 -
CLASS ACTION COMPLAINT

16. Because Plaintiff is alerted by her cellular device, by auditory or visual means, whenever she receives a text message, the unsolicited text messages that Defendant transmitted to Plaintiff's cellular device were invasive and intruded upon Plaintiff's seclusion upon receipt. Plaintiff became distracted and aggravated as a result of receiving Defendant's unsolicited text messages.

17. Defendant uniformly directed, encouraged, and authorized its franchisee dealerships, including without limitation the Garden Grove Dealership, to send text messages promoting the sale of Defendant's goods and services to prospective customers, including to Plaintiff and other members of the proposed Class. Defendant uniformly directed, encouraged, and authorized its franchisee dealerships, including without limitation the Garden Grove Dealership, to send such text messages pursuant to a common marketing scheme that, at all times relevant to this action, was overseen, maintained, and controlled by Defendant. Moreover, Defendant or its agent(s) or affiliate(s), including without limitation its franchisee dealerships such as the Garden Grove Dealership, transmitted the offending text messages to Plaintiff and the other unnamed proposed Class members via the same automated dialing technology, described in detail below.

18. All telephone contact by Defendant or affiliates, subsidiaries, or agents of Defendant to Plaintiff's 3021 Number and to the numbers of the members of the Class defined below occurred using an "automated telephone dialing system" as defined by 47 U.S.C. § 227(b)(1)(A).

19. Defendant or Defendant's agent(s) or affiliate(s), including without limitation the Garden Grove Dealership and its employees, transmitted the offending text messages to the 3021 Number and the numbers of the members of the Class defined below using an "automated telephone dialing system" because its text messages were sent from a telephone number used to message consumers *en masse*; because the dialing equipment used to send such messages includes features substantially similar to a predictive dialer, inasmuch as such equipment is capable of making numerous calls or texts simultaneously (all without

human intervention); and because the hardware and software used by Defendant or Defendant's agent(s) or affiliate(s), including without limitation the Garden Grove Dealership, to send such messages have the capacity to store, produce, and dial random or sequential numbers, or to receive and store lists of telephone numbers and to then dial such numbers, *en masse*, in an automated fashion and without human intervention.

20. And indeed, Defendant or Defendant's agent(s) or affiliate(s), including without limitation the Garden Grove Dealership, actually transmitted the text messages at issue in this case on Defendant's behalf to Plaintiff and all other unnamed Class members in an automated fashion and without human intervention, with hardware and software that received and stored lists of telephone numbers to be dialed and then dialed such numbers automatically.

21. The complained of SMS and/or MMS text messages sent by Defendant or Defendant's agent(s) or affiliate(s), including without limitation the Garden Grove Dealership, on Defendant's behalf to the 3021 Number and to the numbers of the members of the Class defined below constituted "advertisements" and/or "telemarketing" material within the meaning of the applicable TCPA regulations. This is because Defendant or Defendant's agent(s) or affiliate(s), including without limitation the Garden Grove Dealership, sent the messages in order to advertise and market Defendant's goods and services, for the purpose of ultimately selling such goods and services to Plaintiff and other Class members for commercial profit.

22. Neither Plaintiff nor any members of the proposed Class provided their "prior express written consent" to Defendant or any of Defendant's agent(s) or affiliate(s), including without limitation the Garden Grove Dealership, to permit Defendant or any such agent(s) or affiliate(s) to transmit text messages to the 3021 Number or to any of the Class's telephone numbers using an "automatic telephone dialing system" within the meaning of 47 U.S.C. § 227(b)(1)(A).

## CLASS ALLEGATIONS

23. <u>Class Definition</u>. Plaintiff brings this civil class action on behalf of herself individually and on behalf of all other similarly situated persons as a class action pursuant to Federal Rule of Civil Procedure 23. The "Class" which Plaintiff seeks to represent is comprised of and defined as follows:

> All persons within the United States to whom, between April 15, 2015 and the present, Defendant or an affiliate, subsidiary, or agent of Defendant (including without limitation any of its franchisee dealerships) delivered one or more text message(s) promoting Defendant's goods or services pursuant to a common marketing campaign maintained by Defendant or by an affiliate, subsidiary, or agent of Defendant on Defendant's behalf, without having obtained such person's prior express written consent to be sent such text message(s).

24. Defendant, its employees, and agents (including its franchisee dealerships and their employees) are excluded from the Class.

25. Plaintiff reserves the right to modify the definition of the Class (or add one or more subclasses) after further discovery.

26. Plaintiff and all Class members have been impacted and harmed by the acts of Defendant or its affiliates or subsidiaries.

27. This Class Action Complaint seeks injunctive relief and monetary damages.

28. This action may properly be brought and maintained as a class action pursuant to Federal Rule of Civil Procedure 23(a) and (b). This class action satisfies the numerosity, typicality, adequacy, commonality, predominance, and superiority requirements.

29. Upon application by Plaintiff's counsel for certification of the Class, the Court may also be requested to utilize and certify subclasses in the interests of manageability, justice, or judicial economy.

30. <u>Numerosity</u>. The number of persons within the Class is substantial, believed to amount to thousands of persons dispersed throughout the United States. It is, therefore, impractical to join each member of the Class as a named plaintiff. Further, the size and

CLASS ACTION COMPLAINT

relatively modest value of the claims of the individual members of the Class renders joinder impractical. Accordingly, utilization of the class action mechanism is the most economically feasible means of determining and adjudicating the merits of this litigation.

31. <u>Typicality</u>. Plaintiff was sent at least one text message from Defendant without providing her "prior express written consent" to be sent such message(s) from Defendant within the meaning of the TCPA. Consequently, the claims of Plaintiff are typical of the claims of the members of the Class, and Plaintiff's interests are consistent with and not antagonistic to those of the other Class members she seeks to represent. Plaintiff and all members of the Class have been impacted by, and face continuing harm arising out of, Defendant's violations or misconduct as alleged herein.

32. <u>Adequacy</u>. As Class representative, Plaintiff has no interests adverse to, or which conflict with, the interests of the absent members of the Class, and is able to fairly and adequately represent and protect the interests of such a Class. Plaintiff has raised viable statutory claims of the type reasonably expected to be raised by members of the Class and will vigorously pursue those claims. If necessary, Plaintiff may seek leave to amend this Class Action Complaint to add additional Class representatives or assert additional claims.

33. <u>Competency of Class Counsel</u>. Plaintiff has retained and is represented by experienced, qualified, and competent counsel committed to prosecuting this action. Plaintiff's counsel are experienced in handling complex class action claims, in particular claims brought under the TCPA and other consumer protection statutes.

34. <u>Commonality and Predominance</u>. There are well-defined common questions of fact and law that exist as to all members of the Class and predominate over any questions affecting only individual members of the Class. These common legal and factual questions, which do not vary from Class member to Class member and may be determined without reference to the individual circumstances of any Class member, include (but are not limited to) the following:

     a) Whether Defendant or affiliates, subsidiaries, or agents of Defendant transmitted advertising or telemarketing text messages to Plaintiff's and Class members' cellular telephones;

     b) Whether such text messages were sent using an "automatic telephone dialing system";

     c) Whether Defendant or affiliates, subsidiaries, or agents of Defendant can meet their burden to show Defendant obtained "prior express written consent" (as defined by 47 C.F.R. 64.1200(f)(8)) to send the text messages complained of, assuming such an affirmative defense is raised;

     d) Whether Defendant or affiliates, subsidiaries, or agents of Defendant should be enjoined from engaging in such conduct in the future.

35. <u>Superiority</u>. A class action is superior to other available methods for the fair and efficient adjudication of this controversy because individual litigation of the claims of all Class members is impracticable. Even if every member of the Class could afford to pursue individual litigation, the Court system could not. Individualized litigation would also present the potential for varying, inconsistent or contradictory judgments, and would magnify the delay and expense to all parties and to the court system by causing multiple trials of the same factual issues. By contrast, the maintenance of this action as a class action, with respect to some or all of the issues presented herein, presents few management difficulties, conserves the resources of the parties and the court system and protects the rights of each member of the Class. Plaintiff anticipates no difficulty in the management of this action as a class action. Class wide relief is essential to compel compliance with the TCPA. The interest of Class members in individually controlling the prosecution of separate claims is small because the statutory damages in an individual action for violation of the TCPA are small. Management of these claims is likely to present significantly fewer

- 9 -
CLASS ACTION COMPLAINT

difficulties than are presented in many class actions because the text messages at issue are all automated and the Class members, by definition, did not provide the prior express written consent required under the statute to authorize such text messages to their cellular telephones. The Class members can be readily located and notified of this class action through Defendant's records and, if necessary, the records of cellular telephone providers.

36. Additionally, the prosecution of separate actions by individual Class members would create a risk of multiple adjudications with respect to them that would, as a practical matter, be dispositive of the interests of other members of the Class who are not parties to such adjudications, thereby substantially impairing or impeding the ability of such nonparty Class members to protect their interests. The prosecution of individual actions by Class members could further establish inconsistent results and/or establish incompatible standards of conduct for Defendant.

37. Defendant or any affiliates, subsidiaries, or agents of Defendant have acted on grounds generally applicable to the Class, thereby making final injunctive relief and corresponding declaratory relief with respect to the Class as a whole appropriate. Moreover, on information and belief, Plaintiff alleges that the TCPA violations complained of herein are substantially likely to continue in the future if an injunction is not entered.

## CLAIM FOR RELIEF

VIOLATION OF THE TELEPHONE
CONSUMER PROTECTION ACT
(47 U.S.C. § 227)

38. Plaintiff incorporates by reference the foregoing paragraphs of this Class Action Complaint as if fully stated herein.

39. The foregoing acts and omissions constitute violations of the TCPA by Defendant, including but not limited to violations of 47 U.S.C. § 227(b)(1).

40. As a result of Defendant's violations of the TCPA, Plaintiff and all Class members are entitled to, and do seek, injunctive relief prohibiting such conduct violating the TCPA in the future pursuant to 47 U.S.C. § 227(b)(3).

41. As a result of Defendant's violations of the TCPA, Plaintiff and all Class members are also entitled to, and do seek, an award of $500.00 in statutory damages for each violation of the TCPA (or $1,500.00 for any such violations committed willfully or knowingly) pursuant to 47 U.S.C. § 227(b)(3).

42. Plaintiff and Class members also seek an award of attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff June Abe prays for relief and judgment in favor of herself and the Class as follows:

A. Injunctive relief prohibiting such violations of the TCPA in the future;

B. As a result of each of Defendant's violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for herself and each class member statutory damages of $500.00 (or $1,500.00 for any violations committed willfully or knowingly);

C. An award of attorneys' fees and costs to counsel for Plaintiff and the Class; and

D. An Order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing an appropriate Class and any Subclasses the Court deems appropriate, finding that Plaintiff is a proper representative of the Class, and appointing the law firms representing Plaintiff as counsel for the Class.

## DEMAND FOR JURY TRIAL

Plaintiff, on behalf of herself and the Class, hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all claims so triable.

Dated: April 15, 2019                          Respectfully submitted,

                                               Hedin Hall llp

                                               By: /s/ Frank S. Hedin
                                                   Frank S. Hedin

                                               FRANK S. HEDIN (SBN 291289)
                                               fhedin@hedinhall.com
                                               DAVID W. HALL (SBN 274921)
                                               dhall@hedinhall.com
                                               Four Embarcadero Center, Suite 1400

San Francisco, California 94111
Telephone: (415) 766-3534
Facsimile: (415) 402-0058

*Counsel for Plaintiff and Putative Class*

CLASS ACTION COMPLAINT